

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00508-CV

———————————————————

IN THE INTEREST OF M.R., A CHILD

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-756971-24

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I.  INTRODUCTION

In this ultra-accelerated appeal,[1] Appellant K.L. (Mother)[2] appeals the trial court's order terminating her parent–child relationship with her daughter M.R. (Daughter).[3]  The trial court found that the Department of Family and Protective Services (the Department) had proved three conduct-based grounds for termination of Mother's parental rights and that termination was in Daughter's best interest.  *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (P), (b)(2).  The trial court awarded permanent managing conservatorship of Daughter to the Department.  Mother timely appealed.

## II.  BACKGROUND

Mother's appointed appellate counsel has filed a brief asserting that Mother's appeal is "without merit and frivolous."  *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.— Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate courts to dispose of appeals from judgments terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]To protect the child's identity, we refer to her and her mother by their familial relationship.  *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[3]The trial court also terminated the parental rights of Daughter's unknown father.  No appeal has been filed on the unknown father's behalf.

termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to advance on appeal.

We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, but she has not done so. The Department has declined to file a responsive brief.

### III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's *Anders* brief and the appellate record. Having found no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the

3

trial court's order terminating the parent–child relationship between Mother and Daughter.

Mother's counsel filed a motion to withdraw, but the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied). Accordingly, we deny counsel's motion to withdraw; counsel remains appointed through proceedings in the Texas Supreme Court unless otherwise relieved of those duties. *See P.M.*, 520 S.W.3d at 27–28; *In re L.B.*, No. 02-25-00083-CV, 2025 WL 1909329, at *2 (Tex. App.—Fort Worth July 10, 2025, no pet.) (mem. op.); *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

## IV. CONCLUSION

We agree with Mother's counsel that Mother's appeal is frivolous; thus, we affirm the trial court's termination order.

/s/ Dana Womack

Dana Womack
Justice

Delivered: January 15, 2026

4